UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-125-FDW

| ROBERT JEREMY HAYNES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FNU QUINN, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Amended Complaint [Doc. 8]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

I.  **BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution where he is still incarcerated. [Doc. 1]. Before the original Complaint had been screened for frivolity, the Plaintiff attempted to amend on a piecemeal basis, which was denied. [Doc. 6]. The "Amended Complaint" was, therefore, stricken and the Plaintiff was granted the opportunity to amend. [See Docs. 6, 7]. The superseding Amended Complaint is now before the Court for initial review. [Doc. 8].

The Plaintiff named as Defendants in their individual and official capacities: FNU Quinn, a unit manager; FNU Lay, an officer; and FNU Starowicz a nurse.[1] [Id. at 1-3]. He purports to sue the Defendants under the Eighth Amendment[2] for "cruel & unusual punishment, excessive use of

---

[1] The Plaintiff also refers to this Defendant as "Nurse Star."

[2] The Court has liberally construed the Complaint and will address all claims that are reasonably raised by the allegations.

force, taking away my liberty of life and limbs, sadistic torture." [Id. at 3]. He alleges as follows:

> … Unit Manager Quinn took away my liberty of limbs for a very minor disturbance and Officer Lay, who I had been arguing with, put the restraints on way too tight, and Nurse Star checked them and lied saying they were fine, when in fact, they were much too tight. I went over 8 hours with no break to stretch or use the rest room, and had to eat in restraints. And I got a write up for saying 'He's bullying me!' over and over, but Officer Lay lied and said I said other stuff. I was put in restraints for saying 'He's bullying me!'

[Id. at 5] (errors uncorrected). For injury, he alleges:

> I suffered extreme discomfort from very tight restraints and from not being able to relieve my bladder. By the decision Officer Lay made in applying the restraints too tight, and Nurse Star lying saying they were fine. I was put at risk for severe nerve damage and for problems caused by poor circulation. I was in the tight restraints for about 4 hours before the 2nd shift nurse checked them and demanded staff to loosen them. It's all on camera.

[Id.]. The Plaintiff seeks damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege

2

facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171.

### A. Official Capacity Claims

The Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be

dismissed with prejudice.

**B.     Eighth Amendment Claims**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).  To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm."  Whitley, 475 U.S. at 320-21.

The Fourth Circuit recognizes a cause of action for bystander liability that is "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002)). A "bystander officer" can be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall, 302 F.3d at 204.

The Plaintiff's allegation that Defendant Quinn ordered him to be restrained after Plaintiff argued with Defendant Lay and had a "minor disturbance" fails to state a plausible Eighth Amendment claim. Ordering an arguing inmate to be restrained is not objectively unreasonable, and the Plaintiff has failed to allege any facts suggesting that Defendant Quinn had a subjectively

4

culpable state of mind. Although the Plaintiff alleges that he was in tight restraints for four hours, and that his total restraint time was eight hours, he fails to attribute this to Defendant Quinn. Accordingly, the Eighth Amendment claims against Defendant Quinn fail initial review.

Taking the allegations as true for the purposes of this initial review and drawing all reasonable inferences in the Plaintiff's favor, the Plaintiff's Eighth Amendment claims against Defendants Lay and Starowicz pass initial review in that they are not clearly frivolous.

Accordingly, the Plaintiff's Eighth Amendment claims pass initial review against Defendants Lay and Starowicz, but they are dismissed without prejudice as to Defendant Quinn.

**C.     Retaliation**

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id., 40 F.3d at

5

74.

The Plaintiff has not alleged any facts that would plausibly suggest that Defendant Quinn or Starowicz took an adverse action against him because Plaintiff exercised a First Amendment right. However, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's First Amendment retaliation claims against Defendant Lay minimally pass initial review as they are not clearly frivolous.[3]

## IV. CONCLUSION

In sum, Plaintiff's Amended Complaint passes initial review on the Plaintiff's Eighth Amendment claims against Defendants Lay and Starowicz, and on his retaliation claims against Defendant Lay. The claims against the Defendants for damages in their official capacities are dismissed with prejudice and the remaining claims are dismissed without prejudice.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Lay and Starowicz, who are alleged to be current or former employees of NCDPS.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

1. Plaintiff's Amended Complaint [Doc. 8] passes initial review the Plaintiff's Eighth Amendment claims against Defendants Lay and Starowicz, and on his retaliation

---

[3] It does not appear that the Plaintiff is attempting to raise a separate claim for having received an allegedly false disciplinary charge. [See Doc. 8 at 5 (alluding to Lay's "lie[]" and to having received a "write up")]. Had he done so, this claim would be dismissed as vague and conclusory, and because "the act of filing a false disciplinary charge does not itself violate a prisoner's constitutional rights." Rhodes v. Sterling, 475 F. Supp. 3d 470, 482 (D.S.C. July 30, 2020) (collecting cases; quotations omitted).

6

claims against Defendant Lay.

2. The claims against the Defendants for damages in their official capacities are **DISMISSED WITH PREJUDICE.**

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants **Officer Lay** and **Nurse Starowicz**, who are alleged to be a current or former employees of NCDPS.

5. **IT IS FURTHER ORDERED** that the Clerk shall mail the Plaintiff an NCPLS Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: November 26, 2024

Frank D. Whitney
United States District Judge